

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

February 2, 1976

The Honorable Anna Beth Merten
County Auditor
Waller County
Hempstead, Texas 77445

Opinion No. H-777

Re: Operation of a
medical clinic in
Waller County.

Dear Ms. Merten:

You have requested our opinion regarding the operation of a medical clinic in Waller County. You state that Waller County has received a federal grant from the United States Department of Health, Education & Welfare for the purpose of operating such a facility. Specifically, you ask:

1. Whether Waller County may build and maintain a medical clinic without submitting the decision to a vote of the people.

2. Whether funds budgeted under 'Major Repairs to Buildings' may be expended for construction of such a clinic.

3. Whether Waller County may lease office space in such a clinic to physicians engaged in the private practice of medicine, and, if so, for what purposes any rental payments resulting therefrom may be expended.

4. Whether funds received under the federal grant are subject to audit by the County Auditor.

Article 4478, V.T.C.S., provides:

The commissioners court of any county shall have power to establish a county hospital and any medical or other health facilities and to enlarge any existing hospitals or facilities for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, or any medical or other health facilities, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital or facilities. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital or facilities and shall have the following powers:

1. To purchase and lease real property therefor, or acquire such real property, and easements therein, by condemnation proceedings.

2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital or facilities. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

3. To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem necessary to provide the funds for the maintenance thereof, and for all other necessary expenditures therefor.

4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital or facilities and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

5. To appoint a board of managers for said hospital or facilities, or both.

6. To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both, for the benefit of said hospital or facilities, and apply the same in accordance with the terms of the gift.

7. The Commissioners Court may lease all or part of any medical facility so constructed, purchased or acquired under this Act.

Although it might be argued that the statute's grant of authority to the commissioners court "subject to the provisions of this chapter" requires an affirmative vote in a bond election as a prerequisite to the establishment of any hospital or other medical facility, it is our view that the statute confers broad authority upon a county to "establish" such facilities. As long ago as 1942, this Office reached this conclusion. Attorney General Opinion O-4569 (1942) declared that the language of article 4478 "is plain and unambiguous, and confers unqualified general power upon the Commissioners Court to establish and to enlarge hospitals for county purposes."

A recent judicial decision supports such a reading of article 4478.  In <u>Sullivan v. Andrews County</u>, 517 S.W. 2d 410 (Tex. Civ. App. -- El Paso 1974, writ ref'd n.r.e.), the court held that

> [a]rticle 4478 gives the Commissioners
> Court power to establish a county
> hospital and other medical or health
> facilities, <u>including the right to
> call a bond election to establish or
> enlarge such a hospital or facilities</u>. . . .
> 517 S.W.2d at 412 (Emphasis added).

The clear implication is that a county's authority to establish these facilities is independent of the bond election provisions of article 4478.

Finally, article 4418f would seem to provide additional authority for a county's right to build and maintain a medical clinic without submitting the decision to a vote of the electorate:

> The Commissioners Court of any County
> shall have the authority to appropriate
> and expend money from the general revenues
> of its County for and in behalf of public
> health and sanitation within its County.

Thus, we answer your first question in the affirmative.

You also ask whether funds budgeted for "Major Repairs to Buildings" in the 1975 budget may be expended for construction of a medical clinic.  As we have noted, article 4418f authorizes the expenditure of general revenue funds "for and in behalf of public health and sanitation."  If the county has not consolidated its four constitutional funds pursuant to article 8, section 9 of the Texas Constitution, however, we believe that expenditures for construction are to be made from the county's permanent improvement fund. Attorney General Opinion V-567 (1948); Attorney General Opinion O-6441 (1945).  In order to expend for these purposes in the 1975 budget, the commissioners court must certify an emergency and amend its budget, pursuant to

article 689a-11, V.T.C.S. The existence of an emergency is a question of fact to be determined by the commissioners court. Attorney General Opinions O-2498 (1940), O-2315 (1940). It is therefore our opinion that the county may construct a medical clinic from funds budgeted in 1975 for "Major Repairs to Buildings," provided the commissioners court certifies an emergency and amends its budget. Such expenditures are to be made from the county's permanent improvement fund, or, if the county has consolidated its constitutional funds, from its general revenue fund.

Your third question is whether Waller County may lease office space in its medical clinic to physicians engaged in the private practice of medicine. We answered this question in the negative in Attorney General Opinion H-16 (1973). Subsequent thereto, the Legislature amended article 4478 by adding the following:

> The Commissioner Court may lease all or
> part of any medical facility so constructed,
> purchased or acquired under this Act.

In Sullivan v. Andrews County, supra, the court noted that article 4478 now gives the commissioners court authority to "lease all or part" of a medical facility. 517 S.W.2d at 412. Since we indicated in our anwer to your first question that the county may establish a medical facility pursuant to article 4478, our opinion that it may lease "all or part" of the facility "so constructed, purchased or acquired under this Act." We note, however, that in order to avoid the objection that such leasing of a county-owned facility is violative of article 3, section 52 of the Texas Constitution, it must be done for a valid public purpose and the county must receive "substantial value in return" for its grant of the leasing privilege. See Sullivan v. Andrews County, supra at 413.

Rental payments received for the lease of the medical facility are appropriated by article 1628, V.T.C.S., to the "third class" of county funds, which comprises:

> All money received, not otherwise
> appropriated herein or by the
> commissioners court.

Moneys paid into this account are to be utilized to pay

> [a]ll the general indebtedness of
> the county, including feeding and
> guarding prisoners, and paupers
> claims. V.T.C.S. art. 1626.

In our opinion, therefore, rental payments received for the lease of the medical facility should be paid into the county's general revenue fund, to be expended for the general indebtedness of the county.

Your last question is whether funds received under the federal grant are subject to audit by the County Auditor. The County Auditor is charged by article 1651, V.T.C.S., with the

> general oversight of all the books
> and records of all the officers of
> the county, district or state, who
> may be authorized or required by
> law to receive or collect any money,
> funds, fees, or other property for
> the use of, or belonging to, the
> county . . .

This statute is extremely broad, and we believe that it empowers the County Auditor to audit all county funds, including those received under a federal grant. An exception would, of course, obtain if the terms of the grant specified that the funds received did not become county monies or were not otherwise subject to county audit. See Attorney General Opinion M-887 (1971). But, subject to this exception, it is our opinion that funds received under a federal grant are subject to audit by the County Auditor.

S U M M A R Y

Waller County may build and maintain a medical clinic without submitting the decision to a vote of the people. The county may utilize for such purpose funds budgeted under "Major Repairs to Building" in the 1975 budget, provided the commissioners court certifies an emergency and amends its budget.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb